Gregg J. MCCONNELL, Plaintiff–
Appellant/Cross–Appellee,

v.

APPLIED PERFORMANCE TECH-
NOLOGIES, INC.; Gregory H. Hud-
dle, Defendants–Appellees/Cross–Ap-
pellants.

No. 03–3092, 03–3117.

United States Court of Appeals,
Sixth Circuit.

April 21, 2004.

John W. Ferron, Rebekah S. Sinnott, Elizabeth M. Strautz, Ferron & Associates, Columbus, OH, for Plaintiff–Appellant.

John C. McDonald, Susan Porter, Schottenstein, Zox & Dunn, Columbus, OH, for Defendants–Appellees.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.

Gregg McConnell worked for Allied Performance Technologies, Inc. ("APT") for approximately eight years. During the

last three years of his employment, APT's president and sole shareholder. Gregory H. Huddle, promoted McConnell to a "vice president" position, and McConnell became subject to APT's "executive compensation plan." Under the "executive compensation" arrangement, McConnell would be paid biweekly as an "advance" on his year-end compensation based, allegedly, on profit-sharing. Under this scheme, at the end of the year, Huddle would determine what McConnell should have been paid for that year based on APT's financial position. If that sum was higher than the amount "advanced" to McConnell, McConnell would be paid the difference. Likewise, if the amount was lower than McConnell's total advances, McConnell would be required to pay APT the difference.

At the end of 1998 and 1999, Huddle determined that McConnell's deserved compensation totaled more than the "advances," and McConnell received lump sum payments for the differences each year. However, in November 2000, Huddle demoted McConnell, refused to call McConnell "vice president," and took away some of McConnell's responsibilities. Huddle also told McConnell that beginning in November 2000, McConnell's compensation would no longer reflect APT's financial position and would, instead, be fixed at a sum that was apparently lower than McConnell had been paid previously. At the end of 2000, Huddle determined that McConnell had been overpaid by almost $35,000 during McConnell's ten-month tenure as a vice president that year. Huddle asked McConnell to refund that excess to APT.

Soon thereafter, McConnell resigned without repaying the money APT claimed that he was overpaid. APT then brought a state court action against McConnell seeking repayment for the excess money McConnell was allegedly paid in 2000 as well as the repayment of some personal loans APT extended to McConnell during his employment. The parties settled the state action, and in accordance with that settlement, McConnell waived all claims against his former employer.

Several months later, McConnell brought an FLSA claim against APT and Huddle in federal district court seeking overtime compensation. In response, APT counterclaimed, alleging a violation of the settlement agreement. The district court dismissed APT's counterclaim and struck APT's fourth defense, which asserted that McConnell was barred from bringing an FLSA claim by the settlement agreement; the defense was struck based on the court's determination that McConnell could not by law waive his FLSA claims. Subsequently, the district court granted APT's motion for summary judgment after determining that McConnell's FLSA claims should have been raised as compulsory counterclaims in the state court action, and thus his claims were barred by the doctrine of *res judicata*. McConnell now appeals the grant of summary judgment in favor of APT. APT appeals the district court's dismissal of its counterclaim and the striking of its fourth defense. The two appeals have been consolidated.

■■■ Having had the benefit of oral argument and having studied the record on appeal, the briefs of the parties, and the applicable law, we are persuaded that the district court was correct in its decisions (1) to dismiss APT's counterclaim and to strike APT's fourth defense because McConnell could not waive his FLSA claims in a settlement agreement, and (2) to grant APT summary judgment because McConnell's claims were compulsory counterclaims that were required to have been brought in the state court action. The reasoning which supports these determina-

tions by the district court has been adequately articulated in that court's opinions. *See McConnell v. Allied Performance Techs., Inc.,* No. C2–01–1273 (S.D.Ohio Dec. 11, 2002); *McConnell v. Allied Performance Techs., Inc.,* No. C2–01–1273, 2002 WL 483540 (S.D.Ohio Mar. 18, 2002). The issuance of a further detailed written opinion by this court would therefore be largely duplicative and serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out in the district court's memoranda and orders dated March 18, 2002 and December 11, 2002.